IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-134-BO

NANCY STOLLER and LEACHMAN )
STOLLER LLC, )
        Plaintiffs, )
         )
v. )   O R D E R
         )
JORDAN MAROULES and STREAMLINE )
DEVELOPERS LLC, )
        Defendants. )

This cause comes before the Court on plaintiffs' motion for partial summary judgment. Defendants have responded, plaintiffs have replied, and in this posture the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is granted in part. The matter is further referred to United States Magistrate Judge Brian S. Meyers for settlement conference on the issues which remain for resolution.

## BACKGROUND

Plaintiffs instituted this action by filing a complaint on July 2, 2020, alleging claims for copyright infringement in violation of 17 U.S.C. §§ 106, 113, and 501 and for breach of contract, unjust enrichment, and unfair and deceptive trade practices in violation of North Carolina law. Plaintiffs later amended their complaint and subsequently dismissed all defendants except defendants Maroules and Streamline Developers. Plaintiffs now seek summary judgment in their favor on their claim for copyright infringement as well as on all affirmative defenses pled by defendants.

## DISCUSSION

I.    Legal standards.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

A home design can be protected by copyright under 17 U.S.C. §§ 102(a)(5) and (8), so long as the author has independently created the work and it reflects creativity, even if the design is simple. *Richmond Homes Mgmt., Inc. v. Raintree, Inc.*, 862 F. Supp. 1517, 1523 (W.D. Va. 1994), *aff'd in part, rev'd in part on other grounds,* 66 F.3d 316 (4th Cir. 1995). A claim for copyright infringement requires a plaintiff to demonstrate that it owns a valid copyright and that the defendant engaged in unauthorized copying of the protected work. *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 (4th Cir. 2002). A certificate showing ownership of a

copyright registration is *prima facie* evidence that the party owns a valid copyright. *See* 17 U.S.C. § 410(c); *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 977 F. Supp. 2d 567, 581 (E.D. Va. 2013). Unauthorized copying may be shown by direct evidence or by creating a presumption through indirect evidence that the defendant, who has access to the copyrighted work, has created work that is substantially similar to the protected work. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001). "Where the copyright is subject to a nonexclusive license, the copyright holder must establish that the defendant's copying was beyond the scope of its license." *Donald A. Gardner Architects, Inc. v. Cambridge Builders, Inc.*, 803 F. Supp. 2d 373, 380 (E.D.N.C. 2011).

"A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge" and the Copyright Act applies a three year statute of limitations. *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997) (quoting *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994)). Finally, an individual may be vicariously liable for copyright infringement where he "(1) possessed the right and ability to supervise the infringing activity; and (2) possessed an obvious and direct financial interest in the exploited copyrighted materials." *Nelson-Salabes*, 284 F.3d at 513.

II. Factual background

The following facts are taken primarily from the declaration of Nancy Stoller and her accompanying exhibits as well as defendants' response to plaintiffs' proffer of undisputed facts.

Nancy Stoller is a home designer who designs home plans which she sells to developers, contractors and homeowners. [DE 47] Stoller Decl. ¶ 5. Stoller formed her business Leachman Stoller in April 2014 and is its manager and sole member. *Id.* ¶¶ 3, 4. Leachman Stoller holds copyrights in thirty registered home design plans. *Id.* ¶ 6, Ex. 1 & 2. In November 2014, Stoller

was introduced to defendant Jordan Maroules of Streamline Developers (Streamline), which is a builder in Carteret County, North Carolina. *Id.* ¶ 7.

A. *Unauthorized builds*

Between December 2014 and August 2016, Streamline licensed a number of house plans from Leachman Stoller under "single use" licenses. *Id.* Ex. 3. Streamline licensed house plans which were titled: *Marsh Cottage*, *Brice Cottage*, *Eliot Cottage*, *Canal*, *Alexander*, *Wentworth*, *Greenhill*, *Stella Cottage*, *Tradd*, *Heyward*, *The Sanford*, *Gaston Cottage*, *Tryon*, and *White Oak Cottage*. *Id.* Each invoice states that the "fees shown in this statement convey a non-exclusive license to build, and I retain the copyright to all creative product and ideas." *Id.* The price lists used in 2015 and 2016 further defined the terms of the license, which was for a single use. *Id.* Ex. 4,5.

In 2016, Stoller discovered the Streamline had build additional homes based on designs it had previously received a single use license to build and had not received permission from Leachman Stoller to rebuild; Stoller also discovered that Streamline had modified some of Leachman Stoller's designs without authorization. Stoller Decl. ¶ 10. Leachman Stoller billed Streamline for reuse fees for the *Stella Cottage*, *Marsh Cottage*, *Tradd*, and *Eliot Cottage* designs between March 31 and August 22, 2016. *Id.* ¶¶ 11-12. After Maroules contacted Stoller regarding the need to pay reuse fees, Maroules "profess[ed] ignorance" about having to do so in an email sent August 23, 2016. In her response email, Stoller explained reuse fees and attached a document called Copyright Basics, which explained single use licensing used by Leachman Stoller. *Id.* Ex. 8. In his deposition, defendant Maroules confirmed his knowledge that the licenses for the Streamline plans were single use, and that a reuse fee would be charged for a subsequent build. [DE 44-1] Maroules Depo. p. 54.

4

In November 2016 and February 2017, Leachman Stoller billed Streamline reuse fees for the *Eliot Cottage*, the *Sanford*, and the *Heyward*, all of which were unauthorized builds Stoller discovered. Streamline paid these invoices. *Id.* Ex. 10,11. From November 2016 through October 2018, Streamline purchased additional plans from Leachman Stoller under a single use license: *Cape Fear Cottage*, *Mill Creek Cottage*, *New River Cottage*, *Sanderling Cottage*, *Shackleford Cottage*, *Topsail Cottage*, *Trescott*, *Egret Cottage*, and *St. James Street*. In October 2017, Stoller again discovered unauthorized builds, specifically of the *Egret Cottage*, *New River Cottage*, *Marsh Cottage*, and *Heyward*, for which she billed Streamline and which Streamline paid. *Id.* ¶ 17, Ex. 14. In 2018, Streamline again purchased plans from Leachman Stoller, again under a single use license: *Conway Street*, *Aiken*, and *Celia Custom*. *Id.* ¶ 18.

In December 2017, Leachman Stoller designed the *Lampley Cottage* for the Lampleys, who purchased a single use license and contracted with Streamline to build their home. *Id.* ¶ 26. In April 2019, Streamline had a permit issued for the construction of a house based on the *Lampley Cottage* design, without the knowledge or consent of either the Lampleys or Leachman Stoller. *Id.* ¶ 28. Streamline had renamed the *Lampley Cottage* design *Sloan Cottage* and made slight alterations to the plan. *Id.* Streamline built a house using that plan which it sold in 2019.

In all, plaintiffs have identified sixty-one instances in which Streamline infringed the Leachman Stoller copyright by building Leachman Stoller home designs without a license. *Id.* ¶ 32. However, these unauthorized builds are not identified with specificity, in particular by address or (approximate) date. Defendants' list of builds which have or may have been built from plaintiffs' designs which totals fewer than plaintiff has identified. *See* [DE 52 ¶ 1]. Defendants further contend that several of the plans used by Streamline were new designs, which according to plaintiffs' price sheet conveyed an "unlimited license to the builder who authorized the

5

development of the plan [and] [n]o further reuse fees would apply." Stoller Decl. Ex. 4. Defendants identify as new designs the *Marsh Cottage, Brice Cottage,* and *Greenhill*. [DE 52 ¶ 2]. In addition, Nancy Stoller's email to Jordan Maroules on April 12, 2019, specifically recounts that Streamline is purchasing unlimited, non-exclusive licenses for: *Heyward, Gaston, New River, Egret, Trescott, Mill Creek, Marsh, Sandlerline,* and *Eliot.* Stoller Decl. Ex. 22. The terms discussed include "the right to build houses using those plans and [without obligation] to pay additional fees for building, regardless of the number of times you build." *Id.* Stoller retained the copyrights for the plans, "mean[ing] [Streamline] do[es] not have the right to change the plans or designs without [Stoller's] permission." *Id.* However, Stoller states that Streamline did not accept her offer, that her invoice for the amounts to purchase the unlimited licenses went unpaid, and that after nonpayment she revoked her offer in August 2019. Stoller Decl. ¶¶ 34-35.

B. *Unauthorized use of Leachman Stoller materials*

In addition to building houses based upon single use licenses of house designs without permission, plaintiffs have proffered evidence of defendants removing Leachman Stoller copyright information from materials, adding the Streamline logo, and using those plans in marketing materials and at home shows. Plaintiffs have identified thirty-five instances where Streamline added its name to Leachman Stoller plans, removed the Leachman Stoller copyright notice, and replaced that notes with the name Plansource Developments. *Id.* ¶ 29. In fifteen cases, plaintiffs contend that Streamline added its name and altered the Leachman Stoller copyright notice to state that its license was unlimited. *Id.* ¶ 30. Finally, plaintiffs have identified twenty-nine cases in which Streamline added its name to a plan and removed the copyright notice. *Id.* ¶ 31.

6

III.  Analysis

While they contend that there are some genuine issues of material fact which would defeat summary judgment, defendants do not readily dispute that they infringed Leachman Stoller's copyrights. Defendants do not challenge that plaintiffs hold valid copyrights in the works at issue. Most of their argument is centered on which builds were authorized and which were not. Specifically, defendants do not dispute that plaintiffs are entitled to summary judgment for the unauthorized use of the Lampley home design. Even removing the three homes that defendants contend they had an unlimited license to build, *Marsh Cottage, Brice Cottage,* and *Greenhill,* as well as the plans for homes for which the parties dispute there was an agreement for an unlimited license reached, *Heyward, Gaston, New River, Egret, Trescott, Mill Creek, Marsh, Sandlerline,* and *Eliot,* there appears to be no dispute that defendants engaged in at least seven additional unauthorized builds. *See* [DE 55 p. 7].[1] As these builds would exceed the license granted by plaintiffs, defendants are liable for copyright infringement.

With the exception of the Wilmington Parade of Homes marketing materials, for which defendants do not appear to contest liability, defendants also contend that there is a genuine issue of material fact as to whether Streamline intentionally removed plaintiffs' copyright notice and then replaced it with the Plansource Designs name, altered the Leachman Stoller copyright notice, or removed the notice altogether. However, the portion of Maroules's deposition testimony on which defendants rely does not create a genuine issue of material fact as to these issues. It merely reflects that Maroules could recall only one instance after July 2016 where he modified a plan of

---

[1] In determining that there are seven undisputed unauthorized builds, the Court has removed all "unauthorized builds" from the total for each plan disputed by defendants from plaintiffs' revised chart provided in their reply brief. Depending on the date of each build or other information, which the Court is not required in this posture to comb the record to locate, there are likely a number of additional unauthorized builds for which defendants are liable for copyright infringement.

7

Nancy Stoller's without telling her, but he noted that something may remind him in the future of other instances. *See* [DE 52 at pp. 6-7]. This is insufficient to rebut plaintiffs' evidence that defendants modified their plans by removing plaintiffs' copyright notice, adding the Plansource name, and in essence passed plaintiffs' home designs off as their own in marketing materials. *See* Stoller Depo. Ex. 19-21. Plaintiffs are entitled to summary judgment on their claims that defendants infringed plaintiffs' copyright management information on seventy-nine plans.

Defendants further raise a statute of limitations defense, which, as discussed above, is three years. Plaintiffs concede that the applicable statute of limitations bars their claims regarding altering house plans that plaintiffs designed for Richard Gaylord homes. Plaintiffs' complaint was filed July 2, 2020, and thus all claims of infringement which were discovered on or after July 2, 2017, fall within the statute of limitations. While plaintiff Stoller was on notice that defendants had engaged in unauthorized builds prior to this time, her choice to bill them for reuse fees rather than sue did not waive her right to bring suit for subsequent violations. *Lyons P'ship*, 243 F.3d at 797.

Plaintiffs correctly contend that by failing to argue their remaining affirmative defenses in response to plaintiffs' motion for summary judgment, defendants have waived those defenses. *See Mentch v. E. Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997). Plaintiffs further correctly contend that by failing to respond to plaintiffs' assertion that Maroules is vicariously liable for Streamline's copyright infringement, summary judgment on this issue is appropriate as well.

In sum, the Court holds that plaintiffs are entitled to summary judgment as follows: defendants have engaged in copyright infringement by both utilizing plaintiffs' designs without authorization and by altering plaintiffs' plans to include defendants' name and marketing those plans without permission. Plaintiffs are entitled to summary judgment on their claims that

8

Case 4:20-cv-00134-BO   Document 62   Filed 02/01/22   Page 8 of 9

defendants infringed plaintiffs' copyright management information on seventy-nine plans. Plaintiffs are also entitled to summary judgment on their claims that defendants violated plaintiffs' copyrights by engaging in a minimum of eight unauthorized builds of homes based on plans which defendants did not have a license to use.

Defendant Maroules is further vicariously liable for any copyright infringement by Streamline. Plaintiffs are entitled to summary judgment on the affirmative defenses of waiver, fair use, and good faith. The three year statutes of limitations applies to bar any claims arising out of infringement occurring before July 2, 2017.

Whether defendants had authorization to build the other homes identified by plaintiffs, as well as plaintiffs' remaining state law claims, will be determined at trial.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiffs' motion for partial summary judgment [DE 44] is GRANTED IN PART. Prior to engaging in a pretrial conference, the parties are hereby REFERRED for a court-hosted settlement conference before United States Magistrate Judge Brian S. Meyers to be conducted at the convenience of the magistrate judge.

SO ORDERED, this 31 day of Jan, 2022.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE